865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin HILL, a/k/a Melvin Hill, a/k/a Melvin Taylor, a/k/a
Marvin Grant, Petitioner-Appellant,
v.
Thomas WARD, Honorable, Respondent-Appellee.
Melvin HILL, a/k/a Melvin Taylor, a/k/a Marvin Grant,
Petitioner-Appellant,
v.
Thomas WARD, Respondent-Appellee.
 Nos. 88-7222, 88-7739.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1988.
Decided: Dec. 15, 1988.
 
 Melvin Hill, appellant pro se.
 Before DONALD RUSSELL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin Hill, a/k/a, Melvin Taylor, seeks to appeal the judgments of the district court dismissing his habeas corpus petitions brought pursuant to 28 U.S.C. Sec. 2254. In his petitions Hill contends that the evidence was insufficient to establish his criminal agency and that he was illegally arrested. In No. 88-7739 the district court reviewed these claims on the merits and decided that they were without merit. In No. 88-7222 the district court declined to reconsider the claims recently disposed of in No. 88-7739. We decline to issue certificates of probable cause to appeal and dismiss the appeals.
 
 
 2
 In No. 88-7739 the district court concluded that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In concluding that the evidence was legally sufficient to support the convictions the court correctly noted that circumstantial as well as direct evidence may be considered, and that the prosecution is to be allowed the benefit of all reasonable inferences from the facts proven to those sought to be established. Cf. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Upon review of the record, we agree with the district court that a rational trier of fact could find Hill guilty beyond a reasonable doubt based upon the evidence presented at trial.
 
 
 3
 Regarding Hill's illegal arrest claim, the district court noted that Maryland law provided him with an adequate opportunity to challenge on fourth amendment grounds any evidence which was assertedly seized pursuant to an illegal arrest. See Maryland Rule 4-252(a). Accordingly, this contention was barred by Stone v. Powell, 428 U.S. 465 (1976). Hill has failed to carry his burden of pleading and proving both reasons and supporting facts as to why he did not have an opportunity for a full and fair litigation of his illegal arrest claim at trial and on direct review. See Doleman v. Muncy, 579 F.2d 1258 (4th Cir.1978). The district court properly found review of this claim foreclosed by Stone v. Powell.
 
 
 4
 Judgment dismissing the petition in No. 88-7739 was entered on July 29, 1988. On August 3, 1988, prior to noting an appeal from denial of his petition, Hill filed in the district court a new habeas corpus petition raising the exact claims just recently denied. The district court declined to reconsider these claims in the subsequent petition and dismissed the petition on its reasoning announced in No. 88-7739.
 
 
 5
 In Sanders v. United States, 373 U.S. 1 (1973), the Supreme Court held that a petition for writ of habeas corpus may be denied based upon a previous adverse determination if the following criteria are satisfied: (1) the same ground presented in the subsequent application was determined adversely to the petitioner, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Id. at 15-17. See also Rule 9(b), Rules Governing Habeas Corpus Cases. The Sanders and Rule 9(b) criteria have clearly been met in this case. The same grounds were presented in the earlier petition and were dismissed on the merits. We find no abuse of discretion in the district court's refusal to reconsider the same claims so recently dismissed.
 
 
 6
 Finding no error in the judgments below, we deny certificates of probable cause to appeal and dismiss the appeals. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 DISMISSED.